IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

THOMAS JEROME BOYD,

    Defendant.

CRIMINAL ACTION NO.

1:16-CR-003-TCB

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S COMPETENCY

On April 4, 2011, Defendant was convicted of fraud, in violation of Title 18, United States Code, Section 472, in the Eastern District of North Carolina. (Doc. 1.) After he served his term of imprisonment, Defendant's supervised release was transferred to the Northern District of Georgia on January 5, 2016. (*Id*.) Later that year, the United States Probation Office filed a Petition and Order to Show Cause why Supervised Release Should Not Be Revoked, and Defendant was arrested on that petition in Savannah, Georgia, in the Southern District of Georgia. (Doc 11; *see also* Docs. 12-14.) At Defendant's initial appearance in Savannah on March 25, 2022, the Magistrate Judge ordered that Defendant be evaluated for competency. (Doc. 22-4.) That evaluation concluded that Defendant was not presently competent but that he may be able to obtain competency. *See United States v. Boyd*, SDGA, 1:22-mj-022, at Doc. 10. Thereafter, on September 2, 2022, this Court

ordered, under 18 U.S.C. § 4241(d), that Defendant be committed to the custody of the Attorney General to determine whether there is a reasonable probability that Defendant will attain competency. (Doc. 27.) On November 27, 2023, after Defendant was treated and evaluated at the Federal Medical Center in Devens, Massachusetts, a forensic evaluation was completed, concluding that Defendant's competency had been restored. (Doc. 30.) On December 22, 2023, the Court conducted an evidentiary hearing, where the parties stipulated to the forensic evaluation's findings and concurred that Defendant is competent to proceed with the criminal proceedings in this case. (Doc. 31.) The Court **RECOMMENDS** that Defendant be found mentally competent to proceed with his criminal proceedings on the condition that Defendant continue to take his medication without interruption.

## I. COMPETENCY RESTORATION

On December 15, 2023, the Massachusetts Federal Medical Center Warden sent the Court Defendant's forensic evaluation completed by Paige Voehringer, Psy.D. (Doc. 30.) The reported explains that Defendant is diagnosed with schizophrenia and Posttraumatic Stress Disorder. (*Id.* at 7) While at the Medical Center, Defendant participated in a formal competency restoration process, which included his participating in regular treatment team meetings with psychology and psychiatry staff, medication management, and psychoeducational competency restoration groups. (*Id.*) These groups aim to increase Defendant's understanding of the legal process and courtroom procedures. (*Id.*) Defendant complied with the restoration program. (*Id.* at 7-8.)

Although Defendant suffers from mental illness, Dr. Voehriner concluded that Defendant is able to understand the nature and consequences of the proceedings against him and to properly assist in his defense. (*Id.* at 9-10.) The report states:

> Regarding his competency-related capacities, Mr. Boyd evidenced a good factual understanding of general legal proceedings and a rational understanding of the proceedings against him. He appreciated the nature of his legal situation about those proceedings, demonstrated his ability to maintain appropriate courtroom behavior, and he described his ability to assist in his defense in a reasonable, rational manner. He asserted that he disagreed with the violation allegations but was willing to discuss it further with his attorney. At the end of the evaluation period, Mr. Boyd fully understood the various legal process phases and the roles of courtroom personnel. He exhibited knowledge of his charges, the nature of the government's case against him,, and the consequences he would likely face during sentencing.

(*Id.* at 9-10.) Accordingly, Dr. Voehringer opined that, although Defendant has schizophrenia, it does not presently impede his competency to stand trial. (*Id.* at 10.) Dr. Voehringer noted, however, that Defendant is strongly recommended to continue his psychotropic medication. (*Id.*)

At the Court's evidentiary hearing, each party stipulated to Dr. Voehringer's findings. (Doc. 31.)

## II.  DISCUSSION

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent." *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam) (citations omitted). The test for

determining competency to stand trial is "whether [defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam) (internal marks omitted). "Whether the defendant is competent is an ongoing inquiry; the defendant must be competent at all stages of trial." *Rahim*, 431 F.3d at 759. Although not settled, the Court will assume for purposes of resolving the issue of defendant's competency to stand trial in this case, that it is the government's burden to prove defendant is competent by a preponderance of the evidence. *United States v. Izquierdo*, 448 F.3d 1269, 1276-78 (11th Cir. 2006) (per curiam).

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1259 (11th Cir. 2002) (internal marks and citation omitted); *see also Battle v. United States*, 419 F.3d 1292, 1299 (11th Cir. 2005) (per curiam) (same). Neither proof of "low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior" is necessarily "equated with mental incompetence to stand trial." *Medina v. Singletary*, 59 F.3d 1095, 1107 (11th Cir. 1995) (citation omitted); *see also Battle*, 419 F.3d at 1299 (same). Nor does the fact that a defendant "has been treated with anti-psychotic drugs" render him per se incompetent to stand trial. *Medina*, 59 F.3d at 1107 (citation omitted). Quite often the best evidence of a defendant's competence to stand trial is the evidence of his or her behavior

during the relevant time period, "especially the evidence of how he related to and communicated with others . . . ." *Wright*, 278 F.3d at 1259.

The undisputed evidence in this case demonstrates that defendant has a sufficient present ability to assist his lawyer with a reasonable degree of rational understanding and that he has a rational and factual understanding of the proceedings. *Rahim*, 431 F.3d at 759. The evidence indicates that Defendant, following medication with antipsychotic drugs, is able to communicate with staff and doctors, to discuss with reasonable intelligence the criminal proceedings and charges pending against him, and to consider rationally and reasonably the events and circumstances resulting in his being charged. An understanding of complex issues or legal theories is not required. *See United States v. Hogan*, 986 F.2d 1364, 1373 (11th Cir. 1993) (finding that minor defects in the defendant's cognitive abilities did not render him incompetent, the court noted that "[e]ven perfectly competent defendants often do not fully comprehend the intricacies of some of the defensive theories offered by their lawyers. That level of comprehension is not a requirement of competency.").

Nor is there any evidence that defendant is suffering from medication side effects that would interfere with his ability to consult with and assist his lawyer or that impact his understanding of the proceedings. Drug treatment is a relevant factor for the Court to consider, but does not in and of itself render a defendant incompetent. "'[A defendant] must present evidence demonstrating that the dosage given him affected him sufficiently adversely as to raise a doubt of his ability to consult with his lawyer and to have a rational understanding of the

proceedings against him.' A bare allegation of the level of psychotropic drugs administered to [defendant] . . . is insufficient to meet this evidentiary threshold." *Sheley v. Singletary*, 955 F.2d 1434, 1439 (11th Cir. 1992) (internal citation omitted) (quoting *Fallada v. Dugger*, 819 F.2d 1564, 1569 (11th Cir. 1987)); *see also United States v. Jimenez-Villasenor*, 270 F.3d 554, 559 (8th Cir. 2001) (same). Such evidence has not been presented in this case.

The undisputed evidence in this case demonstrates that Defendant's mental condition has improved with therapy and medication to such a degree that he is presently able to understand the nature and consequences of the proceedings against him and to properly assist in his defense. Therefore, the undersigned finds that defendant is presently competent to stand trial, provided that he continues to take his antipsychotic medication.

### III. CONCLUSION

For the foregoing reasons and cited authority, it is **RECOMMENDED** that the District Court find that defendant is competent to stand trial as he has the "present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and that he has] a rational as well as factual understanding of the proceedings against him." *Rahim*, 431 F.3d at 759 (internal marks and citation omitted).

**SO RECOMMENDED**, December 22, 2023.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE