**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

UNITED STATES OF AMERICA

v.

THOMAS BOYD,

     Defendant.

CRIMINAL ACTION FILE

NO. 1:16-cr-3-TCB

## O R D E R

This case comes before the Court on Magistrate Judge J. Elizabeth McBath's final report and recommendation (the "R&R") [32], which recommends finding that the Defendant is competent to stand trial. Defendant, through counsel, has since indicated through a notice of filing [34] that he has no objections to the R&R.

"A district judge may refer to a magistrate judge for recommendation a defendant's . . . motion to suppress evidence . . . or any matter that may dispose of a charge or defense." FED. R. CRIM. P. 59(b)(1). "Within 14 days after being served with a copy of the recommended disposition . . . a party may serve and file specific written

objections to the proposed findings and recommendations." FED. R. CRIM. P. 59(b)(2).

"The district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting

*Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

The Court has conducted a careful and complete review of the R&R and finds no clear error in its factual or legal conclusions. Accordingly, the Court adopts as its Order the R&R [32] and finds the Defendant competent to stand trial. The Clerk should refer this case back to the magistrate judge for further proceedings.

IT IS SO ORDERED this 27th day of December, 2023.

_____
Timothy C. Batten, Sr.
Chief United States District Judge

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate judge's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate judge's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).